contacts you, send them [law enforcement] in the opposite direction."

 vii. "And I'm a get new phones, new everything, cause I normally do that every six months and I haven't done it in over a year."

49. Based on the information contained in section "II. GLADLE's Use of Multiple Aliases to Further the Scheme and Evade Detection," and GLADLE's recorded comments above, both indicating his desire to avoid detection and law enforcement, I am requesting that this affidavit, the complaint, and arrest warrant, be sealed, and that they be unsealed only as to GLADLE after his arrest.

### V. A MAILING COVERED BY 18 U.S.C. § 1341 (MAIL FRAUD)

50. As previously set forth, GLADLE, using his Boyd alias, directed client M.F. via e-mail to obtain a NetSpend card, make his monthly payment onto the card, and send the card to GLADLE by overnight carrier so GLADLE could then withdraw the funds. In an e-mail dated July 21, 2011, from timelender@gmail.com to [xxxxx@msn.com], "Re: Foreclosure Stop Fee," GLADLE wrote, "please order a netspend card for either you or [client's wife's name] to make your August payment. Go online to www.netspend.com and order the card. It takes about two weeks (no credit checks) It's a prepaid debit card. When you get it

contact me...Fred." On August 2, 2011, M.F. replied by e-mail, "Hello, Fred, I finally received my NetSpend card. Where would you like it send[sic]?" That same day, Boyd responded, "Please send it overnight 2 to 3 days is find[sic]. I want you to get a tracking number. Several cards have not made it to the office. Address: T L HOLDINGS, 2802 FLINTROCK TRACE, SUITE 254, AUSTIN, TX 78738  Email me the tracking number. Thank you, WFB." On August 5, 2011, M.F. e-mailed Boyd, "Hello, Fred., The card number is [xxxx-xxxx-xxxx]-8238; expires 07/15; security code [xxx]; PIN [xxxx]  It's in my full name [M.F.]  FedEx Tracking: 797382161417." On August 9, 2011, M.F. e-mailed Boyd, "Hello Fred, I show that the card was delivered." That same day, Boyd replied, "yes, thank you." M.F. confirmed to law enforcement that he had sent this package via FedEx, an interstate carrier, as described in these e-mails. A printout from www.FedEx.com's package tracking website shows that the package identified in those e-mails was shipped from Ontario, California to Austin, Texas and was delivered to 2802 Flintrock Trace on August 9, 2011. According to transaction records obtained from NetSpend, funds were then withdrawn from an ATM in Austin, Texas on August 25, 2011, using that card.

## VI. CONCLUSION

51. Based up on the information set forth above, I believe that there is probable cause to arrest **FREDERIC ALAN GLADLE** for mail fraud, in violation of Title 18, United States Code, Section 1341.

_____
Kevin Ryan Danford
Special Agent
Federal Bureau of Investigation


_____
Sworn to and subscribed before me this 14th day of October, 2011.

ANDREW J. WISTRICH

_____
HONORABLE ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

Case 2:11-cr-01170-URC   Document 2 *SEALED*   Filed 10/14/11   Page 1 of 6   Page ID #:69

```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE                          2011 OCT 14  PM 2:40
    Assistant United States Attorney
 3  Chief, Criminal Division                   CLERK U.S. DISTRICT COURT
    EVAN J. DAVIS (SBN 250484)                 CENTRAL DIST. OF CALIF.
 4  Major Frauds Section                              LOS ANGELES
         Suite 1100 United States Courthouse   BY_____
 5       312 North Spring Street
         Los Angeles, California 90012
 6       Telephone: (213) 894-4850
         Facsimile: (213) 894-6269
 7       E-mail: evan.davis@usdoj.gov
 8  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
 9
                    UNITED STATES DISTRICT COURT
10
               FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
    UNITED STATES OF AMERICA,    )  No. 11-2410M
12                               )
         Plaintiff,              )
13                               )
         v.                      )  UNDER-SEAL FILING
14                               )
    FREDERIC ALAN GLADLE,        )
15  aka Walter Fred Boyd,        )
    aka Larry Stauffer,          )
16  aka Jake Menefee,            )
                                 )
17                               )
         Defendant.              )
18  _____)
19
20      GOVERNMENT'S EX PARTE APPLICATION FOR ORDER SEALING ARREST
21  WARRANT AND NOTICE OF REQUEST FOR DETENTION; MEMORANDUM OF POINTS
22            AND AUTHORITIES; DECLARATION OF EVAN J. DAVIS
23       The government hereby applies ex parte for an order
24  directing that the arrest warrant and supporting affidavit in the
25  above-titled case, together with the notice of request for
26  detention, this ex parte application, the memorandum of points
27  and authorities, the declaration of Evan J. Dvais, and this
28  court's sealing order, be kept under seal until further order of
```

I hereby attest and certify on 12/21/11 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
JANET AGHBOLAGHI
DEPUTY CLERK



1180

1  the Court. However, the government requests that the arrest
2  warrant, affidavit, and detention request be unsealed only as to
3  the defendant upon his arrest.
4      This <u>ex parte</u> application is based on the attached
5  memorandum of points and authorities, and declaration of Evan J.
6  Davis.
7  Dated: October 14, 2011          Respectfully submitted,
8                                    ANDRÉ BIROTTE JR.
                                     United States Attorney
9                                    ROBERT E. DUGDALE
                                     Assistant U.S. Attorney
10                                   Chief, Criminal Division
11
                                     _____
12                                   EVAN J. DAVIS
                                     Assistant United States Attorney
13
                                     Attorneys for Plaintiff
14                                   UNITED STATES OF AMERICA
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES

The government requests that this court seal the arrest warrant and supporting affidavit in this case against FREDERIC ALAN GLADLE, aka Walter Fred Boyd, aka Larry Stauffer, aka Jake Menefee, in order to maintain the integrity of this investigation, to prevent GLADLE from fleeing upon learning of the arrest warrant, and to prevent a former co-schemer from becoming aware of the investigation. GLADLE has taken many steps to avoid detection in this scheme, including using multiple aliases, and for that reason the government is concerned that he might flee if he learned about the arrest warrant. Further, GLADLE appears to have learned the foreclosure-delay scheme from Glen Alan Ward, who has been a fugitive since failing to appear for an initial appearance in the Central District of California, after signing a plea agreement. The government is actively working with Canadian authorities to apprehend Ward, whose last-known place of residence was in Canada. However, the government requests that the Court allow the arrest warrant, supporting affidavit, and notice of request for detention to be unsealed only as to defendant GLADLE upon his arrest.

Approval from this court to seal these documents is required under Local Rule 79-5.1. The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants. <u>In re Sealed Affidavit (Agosto)</u>, 600 F.2d 1256 (9th Cir. 1979) (per curiam); <u>see also Offices of Lakeside Non-Ferrous Metals, Inc.</u>, 679 F.2d 778 (9th Cir. 1982) (citing <u>Agosto</u>).

1 　　　The Court of Appeals for the Seventh Circuit has rejected
2 the proposition that pre-indictment disclosure of a search
3 warrant affidavit is required under either constitutional
4 principles or Federal Rule of Criminal Procedure 41(g).  <u>In re</u>
5 <u>EyeCare Physicians of America</u>, 100 F.3d 514 (7th Cir. 1996).  In
6 doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation
> of this type, the target of an investigation more often
> than not remains unaware of the specific grounds upon
> which a warrant was issued.  If preindictment
> disclosure of sealed warrant affidavits was required to
> satisfy due process (assuming there has been a
> predicate deprivation of life, liberty or property),
> the hands of law enforcement would be needlessly tied
> and investigations of criminal activity would be made
> unduly difficult if not impossible.

<u>Id.</u> at 517.  <u>Accord</u> <u>In re Grand Jury Proceedings</u>, 115 F.3d 1240,
1247 (5th Cir. 1997).

　　　Here, for the reasons described in the attached declaration,
sealing is necessary to maintain the integrity of the
government's investigation and prevent Ward from learning about
the arrest of his former protege.  The government accordingly
requests that the documents described in the attached declaration
be maintained under seal until further order of the court.

## DECLARATION OF EVAN J. DAVIS

I, Evan J. Davis, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the investigation of FREDERIC ALAN GLADLE, Glen Alan Ward, and others, in which the government has submitted an affidavit in support of an arrest warrant for GLADLE and a notice of request for detention.

2. The arrest warrant in this case has not yet been executed. The likelihood of apprehending defendant GLADLE, the person to be arrested on a complaint also filed herewith, might be jeopardized if the affidavit in support of the arrest warrant in this case or the notice of request for detention were made publicly available before the warrant is executed. According to the Affidavit of Kevin Ryan Danford in support of the arrest warrant, Gladle has taken steps to avoid detection, including using aliases.

3. In addition, because defendant GLADLE appears to have learned the foreclosure-delay scheme from Glen Alan Ward, public disclosure of the arrest warrant and underlying affidavit might result in Ward going further underground. Ward has an outstanding Canadian provisional arrest warrant that is based on a bench warrant issued on May 8, 2000, in Case No. CR-00-338, by a Magistrate Judge in the Central District of California. The government is in frequent contact with Canadian authorities, who are actively searching for Ward based on information provided by the Federal Bureau of Investigation. Because Ward has eluded

1  capture for more than ten years, the government is very concerned
2  that public disclosure of the arrest warrant and very detailed
3  affidavit would result in Ward discovering that Canadian
4  authorities are closing in on him.  Presumably, Ward would then
5  take additional steps to avoid being apprehended.
6      4.   Accordingly, the government requests that the arrest
7  warrant, supporting affidavit, and notice of request for
8  detention in the above-titled case, together with this ex parte
9  application, the memorandum of points and authorities, the
10 declaration of Evan J. Davis, and this court's sealing order, be
11 kept under seal until further order of the court, except that the
12 arrest warrant, supporting affidavit, and notice of request for
13 detention be unsealed as to GLADLE upon his arrest.  The
14 government requests that the court's order not limit its ability
15 to provide copies of the arrest warrant at the time the warrant
16 is/are executed as required by Federal Rule of Criminal Procedure
17 41(f).
18      I declare under penalty of perjury that the foregoing is
19 true and correct to the best of my knowledge and belief.
20 DATED: October 14, 2011

_____
EVAN J. DAVIS

6

```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    EVAN J. DAVIS (SBN 250484)
 4  Major Frauds Section
         Suite 1100 United States Courthouse
 5       312 North Spring Street
         Los Angeles, California 90012
 6       Telephone: (213) 894-4850
         Facsimile: (213) 894-6269
 7       E-mail: evan.davis@usdoj.gov

 8  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
 9
                  UNITED STATES DISTRICT COURT
10
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
    UNITED STATES OF AMERICA,     )  No. - 11-2410M
12                                )
              Plaintiff,          )  [PROPOSED] ORDER
13                                )
         v.                       )  UNDER SEAL
14                                )
    FREDERIC ALAN GLADLE,         )
15  aka Walter Fred Boyd,         )
    aka Larry Stauffer,           )
16  aka Jake Menefee,             )
                                  )
17            Defendant.          )
```

I hereby attest and certify on 12/21/11 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
JANET AGHBOLAGHI
DEPUTY CLERK

1180

For good cause shown, IT IS HEREBY ORDERED THAT:

The arrest warrant, supporting affidavit, and detention request in the above-titled case, together with this ex parte application, the memorandum of points and authorities, the declaration of Evan J. Davis, and this Court's sealing order, be kept under seal until further order of the Court. However, the arrest warrant, affidavit, and detention request shall be unsealed exclusively as to FREDERIC ALAN GLADLE upon his arrest.

DATED: 10/14/2011

ANDREW J. WISTRICH

HONORABLE ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

IN CASE OF DENIAL:

The government's application for sealed filing is DENIED. The sealing application will be filed under seal. The underlying documents shall be returned to the government, without filing of the documents or reflection of the name or nature of the documents on the clerk's public docket.

DATED: _____

                               HONORABLE ANDREW J. WISTRICH
                               UNITED STATES MAGISTRATE JUDGE

Submitted by:

Evan J. Davis
Assistant United States Attorney

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
EVAN J. DAVIS (SBN 250484)
Major Frauds Section
    Suite 1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4850
    Facsimile: (213) 894-6269
    E-mail: evan.davis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
2011 OCT 14  PM 2:40
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-2410M |
| Plaintiff, | |
| v. | UNDER-SEAL FILING |
| FREDERIC ALAN GLADLE, aka Walter Fred Boyd, aka Larry Stauffer, aka Jake Menefee, | I hereby attest and certify on 12/21/11 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.<br>CLERK U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>JANET AGHBOLAGHI<br>DEPUTY CLERK |
| Defendant. | |

1180

GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    ____   1.   <u>Temporary 10-day Detention Requested (§ 3142(d))</u>
               <u>on the following grounds</u>:

           ____   a.   present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation)

        (parole); <u>or</u>

_____ b. defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

_____ c. defendant may flee; or

_____ d. pose a danger to another or the community.

__X__ 2. <u>Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure</u>:

__X__ a. the appearance of the defendant as required;

__X__ b. safety of any other person and the community.

_____ 3. <u>Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>:

_____ a. defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

_____ b. defendant cannot establish by clear and convincing evidence that he/she will not flee.

_____ 4. <u>Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e))</u>:

_____ a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

_____ b. offense under 18 U.S.C. §§ 924(c), 956(a),

        2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

   \_\_\_ c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

   \_\_\_ d. defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

 X   5. <u>Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves</u>:

   \_\_\_ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

|   |   |   |
|---|---|---|
| 1 | ____ | b. an offense for which maximum sentence is life imprisonment or death; |
| 2 | ____ | c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
| 3 | ____ | d. any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| 4 | ____ | e. any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| 5 | _X_ | f. serious risk defendant will flee; |
| 6 | ____ | g. serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |

____ 6. Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

4

7.  Good cause for continuance in excess of three days exists in that:

_____

_____

_____

DATED: __10/14/11__

Respectfully submitted,

*/s/ Evan J. Davis*

EVAN J. DAVIS
Assistant United States Attorney
Criminal Division

Attorneys for Plaintiff
UNITED STATES OF AMERICA