In the United States District Court

for the ____Central____ District of ____California____

United States of America

v.

Frederic Alan Gladle

FILED
DEC 27 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____ DEPUTY CLERK

ORIGINAL
A11CR 708 LY

Criminal No. 11-CR-01170

Consent to Transfer of Case

for Plea and Sentence

(Under Rule 20)

2011 DEC 16 PM 3:04  FILED

I, ____Frederic Alan Gladle____, defendant, have been informed that a ____information____ (indictment, information, complaint) is pending against me in the above designated cause. I wish to plead ____guilty____ (guilty, nolo contendre) to the offense charged, to consent to the disposition of the case in the ____Western____ District of ____Texas____ in which I ____am under arrest____ (am under arrest, am held) and to waive trial in the above captioned District.

Dated: _____, _____ at _____

_Frederic Alan Gladle_
(Defendant)

_____
(Witness)

_____
(Counsel for Defendant)

Approved

_Andre Birotte_
United States Attorney for the
____Central____ District of
____California____

_____
United States Attorney for the
____Western____ District of
____Texas____

FORM USA-153
SEP 82

**2:11-cr-01170-URC** USA v. Gladle
Date filed: 12/09/2011
Date terminated: 12/16/2011
Date of last filing: 12/16/2011

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 6 | *Filed:* 12/09/2011<br>*Entered:* 12/13/2011 | Information - Felony |
| 7 | *Filed:* 12/09/2011<br>*Entered:* 12/13/2011 | Case Summary (CR-72) |
| 8 | *Filed:* 12/09/2011<br>*Entered:* 12/13/2011 | Memorandum by U S Attorney re Investigative Action |
| 9 | *Filed:* 12/16/2011<br>*Entered:* 12/20/2011 | Rule 20 - Consent to Transfer Out |

| PACER Service Center ||||
|---|---|---|---|
| Transaction Receipt ||||
| 12/27/2011 14:56:34 ||||
| **PACER Login:** | us4061 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 2:11-cr-01170-URC |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

# Memorandum

CR 11 01170



FILED

| Subj: <br> UNITED STATES v. FREDERIC ALAN GLADLE, | Date: <br> December 28, 2011  2010 -9 AM 11: 23 <br> CLERK, DISTRICT COURT <br> CENTRAL DIST. OF CALIF. <br> LOS ANGELES |
|---|---|
| To:  TERRY NAFISI <br> Clerk, United States District Court <br> Central District of California | From:  EVAN J. DAVIS <br> BY: _____ <br> Assistant United States Attorney <br> Criminal Division |

The accompanying matter being filed on [date],

_____ relates to       __X__ does not relate to

(1) a matter pending in the Criminal Division of the USAO at any time between October 2002 and October 5, 2003, the dates during which Jacqueline Chooljian was Chief of the Criminal Division in the USAO; (2) a matter pending in the Major Frauds Section of the USAO at any time between October 5, 2003 and January 6, 2006, the date on which Jacqueline Chooljian resigned her appointment in the USAO; or (3) a matter in which Jacqueline Chooljian was personally involved or on which she was personally consulted while employed in the USAO.

_____ relates to       __X__ does not relate to

a matter in which Patrick J. Walsh was personally involved or on which he was personally consulted while employed in the USAO.

_____ relates to       __X__ does not relate to

(1) a matter pending in the Riverside Branch of the USAO at any time between October 2, 2006 and April 4, 2011, the dates spanning the date when Sheri Pym became the Chief of the Riverside Branch of the USAO and the date when she resigned her appointment in the USAO; or (2) a matter in which Sheri Pym was personally involved or on which she was personally consulted while employed in the USAO.

__X__ relates to       _____ does not relate to

(1) a matter pending in the Major Frauds Section of the USAO at any time between May 8, 2009 and March 31, 2011, the dates spanning the date when Michael Wilner became a Deputy Chief of the Major Frauds Section of the USAO and the date when he resigned his appointment in the USAO; or (2) a matter in which Michael Wilner was personally involved or on which he was personally consulted while employed in the USAO.

__X__ relates to       _____ does not relate to

(1) a matter pending in the Appellate Section of the USAO at any time between February 2002 and May 2002, the time period during which Jean Rosenbluth served as the Chief of the Appellate Section of the USAO; (2) a matter in which Jean Rosenbluth was personally involved or on which she was personally consulted while employed in the USAO (between 10/1/95 and 5/31/02 as an Assistant United States Attorney, and between 8/1/02 and 7/31/08 as a Special Assistant United States Attorney); or (3) a matter in which current Assistant United States Attorney Richard Robinson is or has been personally involved or on which he has personally consulted while employed in the USAO.

_____
EVAN J. DAVIS
Assistant United States Attorney

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CASE SUMMARY

FILED

Case Number CR 11 01170    Defendant Number 1
U.S.A. v. FREDERIC ALAN GLADLE    Year of Birth 1958
☐ Indictment  ☑ Information   Investigative agency (FBI, DEA, etc.) FBI, SIGTARP

2011 DEC -9 AM 11: 23
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

NOTE: All items are to be completed. Information not applicable or unknown shall be indicated as "N/A".

**OFFENSE/VENUE**

a. Offense charged as a:
   ☐ Misdemeanor   ☐ Minor Offense   ☑ Felony
   ☐ Petty Offense   ☐ Class B Misdemeanor
b. Date of offense 10/2007-10/2011
c. County in which first offense occurred
   Los Angeles
d. The crimes charged are alleged to have been committed in:
   CHECK ALL THAT APPLY
   ☑ Los Angeles     ☐ Ventura
   ☐ Orange          ☐ Santa Barbara
   ☐ Riverside       ☐ San Luis Obispo
   ☑ San Bernardino  ☑ Other nationwide
Citation of offense 18 U.S.C. Section 157, 18 U.S.C. Section 1028A

**RELATED CASE**

Has an indictment or information involving this defendant and the same transaction or series of transactions been previously filed and dismissed before trial?   ☑ No   ☐ Yes
   IF YES   Case Number _____

Pursuant to Section 11 of General Order 08-05, criminal cases may be related if a previously filed indictment or information and the present case:
a. arise out of the same conspiracy, common scheme, transaction, series of transactions or events; or
b. involve one or more defendants in common, and would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by difference judges.
Related case(s), if any: **MUST MATCH NOTICE OF RELATED CASE** n/a

**PREVIOUSLY FILED COMPLAINT**

A complaint was previously filed on: 10/14/2011
   Case Number 11-2410M
   Charging 18 U.S.C. Section 1341, mail fraud

The complaint:  ☑ is still pending
   ☐ was dismissed on: _____

**COMPLEX CASE**

Are there 8 or more defendants in the Indictment/Information?
   ☐ Yes*         ☑ No

Will more than 12 days be required to present government's evidence in the case-in-chief?
   ☐ Yes*         ☑ No

*AN ORIGINAL AND 3 COPIES (UNLESS ELECTRONICALLY FILED) OF THE NOTICE OF COMPLEX CASE MUST BE FILED 2 BUSINESS DAYS BEFORE THE ARRAIGNMENT IF EITHER YES BOX IS CHECKED.

**Superseding Indictment/Information**

IS THIS A NEW DEFENDANT?  ☐ Yes     ☑ No

This is the _____ superseding charge, i.e. 1st, 2nd.
The superseding case was previously filed on:
_____
Case Number _____

The superseded case:
☐ is still pending before Judge/Magistrate Judge
_____
☐ was previously dismissed on _____

Are there 8 or more defendants in the superseding case?
   ☐ Yes*         ☐ No

Will more than 12 days be required to present government's evidence in the case-in-chief?
   ☐ Yes*         ☐ No

Was a Notice of Complex Case filed on the Indictment or Information?
   ☐ Yes          ☐ No

*AN ORIGINAL AND 3 COPIES OF THE NOTICE OF COMPLEX CASE MUST BE FILED 2 BUSINESS DAYS BEFORE THE ARRAIGNMENT IF EITHER YES BOX IS CHECKED.

Is an interpreter required:   ☐ Yes    ☑ No
IF YES, list language and/or dialect:
_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CASE SUMMARY

**OTHER**

☑ Male ☐ Female
☑ U.S. Citizen ☐ Alien
Alias Name(s) Jake Menefee, Larry Stauffer, Walter Fred Boyd, Jack Heller, and Kevin Dorsey

This defendant is charged in: ☑ All counts
☐ Only counts: _____

☐ This defendant is designated as "High Risk" per 18 USC 3146(a)(2) by the U.S. Attorney.

☐ This defendant is designated as "Special Case" per 18 USC 3166(b)(7).

Is defendant a juvenile?   ☐ Yes   ☑ No
IF YES, should matter be sealed?   ☐ Yes   ☐ No

The area of substantive law that will be involved in this case includes:

☑ financial institution fraud ☐ public corruption
☐ government fraud ☐ tax offenses
☐ environmental issues ☐ mail/wire fraud
☐ narcotics offenses ☐ immigration offenses
☐ violent crimes/firearms ☐ corporate fraud
☑ Other: bankruptcy fraud, ID theft

**CUSTODY STATUS**

Defendant is **not** in custody:
a. Date and time of arrest on complaint: _____
b. Posted bond at complaint level on: _____
   in the amount of $ _____
c. PSA supervision?   ☐ Yes   ☑ No
d. Is a Fugitive   ☐ Yes   ☑ No
e. Is on bail or release from another district: _____
f. ☐ Has not been arrested but will be notified by summons to appear.
g. Warrant requested.   ☐ Yes   ☑ No

Defendant is **in** custody:
a. Place of incarceration:   ☐ State   ☑ Federal
b. Name of Institution: Bastrop County Jail, Texas
c. If Federal: U.S. Marshal's Registration Number: 49798
d. ☑ Solely on this charge. Date and time of arrest: 10/19/2011 at 8:30 a.m.
e. On another conviction:   ☐ Yes   ☑ No
   IF YES ☐ State   ☐ Federal   ☐ Writ of Issue
f. Awaiting trial on other charges:   ☐ Yes   ☑ No
   IF YES ☐ State   ☐ Federal   AND
   Name of Court: _____

Date transferred to federal custody: _____

This person/proceeding is transferred from another district pursuant to F.R.CrP. ___ 20 ___ 21 ___ 40

---

**EXCLUDABLE TIME**
Determinations as to excludable time prior to filing indictment/information EXPLAIN: defendant filed a speedy trial stipulation and the parties are pursuing a Rule 20 into the Western District of Texas

Date 12/8/2011

_signature_
Signature of Assistant U.S. Attorney
Evan J. Davis
*Print Name*

FILED

2011 DEC -9  AM 11: 23

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11- 01170 |
| Plaintiff, | <u>I N F O R M A T I O N</u> |
| v. | [18 U.S.C. § 157(3): Bankruptcy Fraud; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act to be Done; 18 U.S.C. § 1028A: Aggravated Identity Theft] |
| FREDERIC ALAN GLADLE,<br>   aka "Jake Menefee,"<br>   aka "Larry Stauffer,"<br>   aka "Walter Fred Boyd,"<br>   aka "Jack Heller,"<br>   aka "Kevin Dorsey,"<br>          Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. §§ 157(3), 2]

A. <u>INTRODUCTORY ALLEGATIONS</u>

At all times relevant to this Information:

1. Defendant FREDERIC ALAN GLADLE, also known as "Jake Menefee," "Larry Stauffer," "Walter Fred Boyd," "Jack Heller," and "Kevin Dorsey" ("defendant GLADLE"), was a resident of Austin, Texas, who operated a foreclosure-delay scheme in Los Angeles and San Bernardino Counties, within the Central District

EJD:ejd

of California, among other locations. In perpetrating the scheme, defendant GLADLE did not use his true name and instead used the following aliases: Jake Menefee, Larry Stauffer, Walter Fred Boyd, Jack Heller, and Kevin Dorsey.

2. A bankruptcy case is typically commenced with the filing of a petition for bankruptcy. A person seeking relief from debts, referred to as the "debtor," can file a "voluntary petition" for bankruptcy.

3. The filing of a bankruptcy petition triggers what is known as an "automatic stay" against the debtor's creditors, who would be immediately forbidden from taking any action on claims they might have against the debtor or any property owned by the debtor when the bankruptcy case was commenced, including foreclosure and eviction actions, unless permission of the bankruptcy court is first obtained.

B.   THE SCHEME TO DEFRAUD

4. Beginning in or about October 2007, and continuing to on or about October 19, 2011, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant GLADLE, together with others known and unknown to the United States Attorney, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud lenders, some of whom, such as Wells Fargo Bank, were recipients of funds under the Troubled Asset Relief Program, who were attempting to foreclose on real properties through trustee sales, by means of making fraudulent representations, claims, and promises concerning and in relation to a proceeding under Title 11 of the United States Code.

5.   The purpose of the fraudulent scheme was to hinder, delay, and obstruct lenders' lawful foreclosure and eviction actions against property owners who had defaulted on their mortgages.

6.   The fraudulent scheme operated, in substance, as follows:

   a.   Defendant GLADLE distributed and caused to be distributed advertisements to solicit distressed homeowner clients who were interested in delaying the foreclosure of their homes.

   b.   In addition, defendant GLADLE obtained clients through referrals from existing clients and from salespersons hired by defendant GLADLE.

   c.   Through these advertisements and salespersons, defendant GLADLE told potential clients whose properties were being foreclosed upon (the "distressed properties") that, in exchange for a monthly fee, defendant GLADLE would assist in postponing the foreclosure for at least six months.  The clients generally were not told that the postponement would be achieved through defendant GLADLE's use of bankruptcy petitions filed by debtors who were unaware of defendant GLADLE's use of their names and bankruptcy petitions.

   d.   After a client had signed up and paid the required fee, the salespersons, operating at defendant GLADLE's direction, would obtain a client's notarized signature on a deed transferring a fractional share, generally 1/100th interest, of their distressed property (the "fractional deed") to a debtor whose name defendant GLADLE had obtained by accessing an

electronic bankruptcy court docketing system called PACER.

      e.    Defendant GLADLE would direct the client and the salesperson to record the deed transferring the fractional interest to the debtor, and to send the recorded deed to defendant GLADLE by facsimile.

      f.    Defendant GLADLE would download the debtor's bankruptcy petition from PACER.

      g.    After obtaining the bankruptcy petition and the recorded fractional deed, defendant GLADLE or a co-schemer operating at his direction would fax a copy of the recorded fractional deed and the bankruptcy petition, both of which listed the same debtor's name, to the client's lender or the lender's representative, thereby notifying the lender of the automatic stay in order to stop the foreclosure sale.

      h.    Upon receiving the facsimile from defendant GLADLE containing the recorded fractional deed and bankruptcy petition, some lenders would file a motion for relief from stay in the debtor's bankruptcy case. Generally, in response to the motion, the debtor would disclaim any knowledge of owning the fractional interest in the distressed property, and the bankruptcy court would grant the motion and permit the foreclosure on the distressed property to continue.

      i.    Once another foreclosure sale was scheduled, defendant GLADLE would cause the client to sign another deed transferring another fractional share of the distressed property to a different debtor, print out the debtor's bankruptcy petition from PACER, and send both documents to the lender or the lender's representative.

1  j.  Defendant GLADLE would repeat this course of
2 action, thereby repeatedly delaying the sale of the subject
3 properties, for as long as the client paid the monthly fee.  In
4 this way, defendant GLADLE was able to delay the foreclosure for
5 years on some properties.
6  k.  If a client requested that defendant GLADLE
7 reverse the fractional deed transfers and paid a fee to defendant
8 GLADLE, then defendant GLADLE would prepare pre-notarized
9 reconveyance documents showing that the debtors were transferring
10 their fractional interests to the client, forge the signatures of
11 the debtors, and send the reconveyance documents to the client.
12  7.  As part of the above-described fraudulent scheme, from
13 on or about December 1, 2007, through on or about October 19,
14 2011, defendant GLADLE and his co-schemers delayed the
15 foreclosure sales of approximately 1,128 distressed properties.
16 During that same period, defendant GLADLE collected at least
17 $1,600,000 from clients in monthly fees paid for his illegal
18 foreclosure-delay services.
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

C. EXECUTION OF THE SCHEME TO DEFRAUD

8. On or about June 15, 2009, within the Central District of California, and elsewhere, for the purpose of executing and attempting to execute the above-described scheme, defendant GLADLE, using the alias "Kevin Dorsey," sent and caused to be sent a facsimile from Austin, Texas, to California Reconveyance in Chatsworth, California, containing a grant deed from M.A.G. and L.A. to S.C., along with a bankruptcy petition bearing case number 09-21169-AJC in the name of S.C., filed in the United States Bankruptcy Court for the Southern District of Florida, with the intent to defraud a lender.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## COUNT TWO

[18 U.S.C. § 1028A]

9. On or about October 19, 2011, in Travis County, within the Western District of Texas, defendant FREDERIC ALAN GLADLE, also known as "Jake Menefee," "Larry Stauffer," "Walter Fred Boyd," "Jack Heller," and "Kevin Dorsey," knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, a social security number issued to J.M., during and in relation to using unauthorized access devices to obtain a thing of value totaling at least $1,000, a felony violation of Title 18, United States Code, Section 1029(a)(2).

ANDRÉ BIROTTE JR.
United States Attorney

*/s/ R. E. Dugdale*

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

BEONG-SOO KIM
Assistant United States Attorney
Chief, Major Frauds Section

EVAN J. DAVIS
Assistant United States Attorney
Major Frauds Section

PAUL ROSEN
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **TERRY NAFISI**<br>District Court Executive and<br>Clerk of Court | **WESTERN DIVISION**<br>312 North Spring Street, Room G-8<br>Los Angeles, CA 90012<br>Tel: (213) 894-3535<br><br>Date: 12/20/11   **RECEIVED** | **SOUTHERN DIVISION**<br>411 West Fourth Street, Suite 1053<br>Santa Ana, CA 92701-4516<br>(714) 338-4750<br><br>**EASTERN DIVISION**<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501<br>(951) 328-4450 |

DEC 2 7 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

Western District Of Texas
200 West Eighth Street
Austin, TX 78701

Transfer of ☑ Criminal Case or ☐ Magistrate Case
Case No. CR 11-1170     Case Title USA v Frederic Alan Gladle

A11CR 708 LY

Dear Sir/Madam:

**Pursuant to F.R.CR.P. 5:**
☐ Certified copy of case file documents (Filed prior to January 1, 2007**) and docket sheet
☐ This is an electronically filed case and the documents are available through pacer
☐ Not for public view document (pursuant to Judicial Conference policy)
☐ Original Bond     or   ☐ Original Bond to be forwarded by Fiscal
☐ Original Passport   or   ☐ Declaration re: Passport
☐ Original Passport (received on or after 1-1-07) will be transferred by Pretrial Services
☐ Other _____

**Pursuant to ☑ F.R.CR.P. 20 / ☐ F.R.CR.P. 21:**
☑ This is an electronically filed case and the document are available through pacer.
☐ Certified copy of docket sheet
☐ Certified copy of Indictment / Information**    ☐ Original Consent of defendant
☐ Original Passport           or   ☐ Declaration re: Passport
☐ Original Passport (received on or after 1-1-07) will be transferred by Pretrial Services
☐ Not for public view document (pursuant to Judicial Conference policy)
☑ Other SEALED Magistrate case attached

> ****Note: Documents filed on or after January 1, 2007 are available electronically through PACER.**
> Electronically filed documents can be retrieved by using your court's pacer account.

Sincerely,

Clerk, U.S. District Court

By Janet_Aghbolaghi@cacd.uscourts.gov
Deputy Clerk

cc:   *U.S. Attorney -Central District of California and Receiving District, Pretrial Services*

---

**TO BE COMPLETED BY RECEIVING DISTRICT**

Please acknowledge receipt via e-mail to the appropriate address listed below and provide the case number:

☑ CrimIntakeCourtDocs-LA@cacd.uscourts.gov   (Los Angeles Offices)
☐ CrimIntakeCourtDocs-RS@cacd.uscourts.gov   (Riverside Office)
☐ CrimIntakeCourtDocs-SA@cacd.uscourts.gov   (Santa Ana Office)

Case No: _____     Clerk, U.S. District Court

_____             By: _____
Date                         Deputy Clerk

CR-48 (04/09)     **LETTER RE: F.R.CR.P. 5, 20 and 21 - TRANSFER OUT**