AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of Texas
### AUSTIN DIVISION

FILED

2012 MAY 14 AM 11: 54

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

UNITED STATES OF AMERICA

v.

FREDERIC ALAN GLADLE
**True Name:  Frederic Alan Gladle**
*Aliases:  Fred Gladle, Fred Alan Gladle, Frederick Alan Gladle, Walter Fred Boyd,*
*Larry Stauffer, Jake Menefee, Kevin Dorsey, Jack Heller, Travis Gray*

Defendant.

Case Number   A-11-CR-708(01)-LY
USM Number    84797-280

## AMENDED JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, FREDERIC ALAN GLADLE, was represented by Joseph Andrew Turner.

The defendant pled guilty to Count(s) 1 and 2 of the Information on January 6, 2012.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count (s) |
|---|---|---|---|
| 18 USC 157(3) AND 18 USC 2 | BANKRUPTCY FRAUD; AIDING AND ABETTING | 10/19/2011 | 1 |
| 18 USC 1028A | AGGRAVATED IDENTITY THEFT | 10/19/2011 | 2 |

As pronounced on MAY 3, 2012, the defendant is sentenced as provided in pages 2 through 21 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the _____day of May, 2012.

_____
LEE YEAKEL
United States District Judge

AO 245 B (Rev. 06/05)(W.D.TX.) - Imprisonment

Judgment--Page 2

Defendant:  FREDERIC ALAN GLADLE
Case Number:  A-11-CR-708(01)-LY

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 37 months on Count 1, and 24 months on Count 2 to be served **consecutively** to Count 1, for a total sentence of SIXTY-ONE (61) MONTHS.

The Court makes the following recommendation to the Bureau of Prisons: that the defendant be designated to a federal facility close to Austin, Texas.  If, for any reason, the Bureau of Prisons does not comply with any recommendation of this Court made in this Judgment and Sentence, the Bureau of Prisons shall immediately notify the Court any reason therefor.

The defendant shall remain in custody pending service of sentence.

### RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 06/05)(W.D.TX.) - Supervised Release

Judgment--Page 3

Defendant:  FREDERIC ALAN GLADLE
Case Number:  A-11-CR-708(01)-LY

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS.  This term consists of 3 years on Count 1 and 1 year on Count 2 to be served *concurrently*.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court.

**The defendant shall not make application for any loan or enter into any credit arrangement without first consulting with the probation office.**

**The defendant shall disclose all assets and liabilities to the probation office and shall not transfer, sell, give away, or otherwise convey any asset, without first consulting with the probation office.**

**The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.**

The defendant shall comply with the following special conditions:

**If it is determined by the IRS that the defendant has a tax liability, the defendant shall cooperate with the IRS and satisfy the financial obligation.**

**The defendant shall not be employed or otherwise engage in the mortgage, mortgage foreclosure, housing, or bankruptcy industry, or have access to the bankruptcy court docketing system, otherwise known as the Public Access Court Electronic Records (PACER), without prior authorization from the United States Probation Office.**

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 4

Defendant: FREDERIC ALAN GLADLE
Case Number: A-11-CR-708(01)-LY

### CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

5) If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6) The defendant shall cooperate in the collection of DNA as directed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

7) If convicted of a sexual offense and required to register under the Sex Offender and Registration Act, that the defendant comply with the requirements of the Act.

8) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

9) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Standard Conditions:**

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family obligations, and shall comply with the terms of any court order or order of an administrative process requiring payments by the defendant for the support and maintenance of a child or of a child and the parent with whom the child is living.

5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time, at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 5

Defendant: FREDERIC ALAN GLADLE
Case Number:  A-11-CR-708(01)-LY

12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13)  As directed by the probation officer, the defendant shall notify third parties of risks that my be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications, and to confirm the defendant's compliance with such notification requirement.

14)  If convicted of a sex offense as described in the Sex Offender Registration and Notification Act or has a prior conviction of a State or local offense that would have been an offense as described in the Sex Offender Registration and Notification Act if a circumstance giving rise to federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer.  The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15)  The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol.  During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16)  The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17)  The defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer, and if deemed necessary by the probation officer.  Such program may include group sessions led by a counselor or participation in a program administered by the probation office.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

18)  The defendant shall participate in workforce development programs and services as directed by the probation officer, and if deemed necessary by the probation officer, which include occupational/career development, including but not limited to assessment and testing, education, instruction, training classes, career guidance, job search and retention services until successfully discharged from the program.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

19)  If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release.  The defendant shall not illegally reenter the United States.  If the defendant lawfully reenters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

20)  If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

21)  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

22)  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 6

Defendant:  FREDERIC ALAN GLADLE
Case Number:  A-11-CR-708(01)-LY

The Court further adopts such of the following special conditions applied to the supervised person by the judge at the time of sentencing:

1) **Community Confinement:** The defendant shall reside in a Community Corrections Center for a period of _____ months to commence on _____.  Further, once employed, the defendant shall pay 25% of his/her weekly gross income for his/her subsistence as long as that amount does not exceed the daily contract rate.

**Location Monitoring Program:**

2) *Radio Frequency Monitoring:* The defendant shall participate in the Location Monitoring Program with Radio Frequency Monitoring for a period of _____ days/months.  You shall abide by the rules and regulations of the Participant Agreement Form. During this time, you will remain at your place of residence except for employment and other activities approved in advance by your probation officer.  You will maintain a telephone at your place of residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period as directed by the probation officer.  You will wear an electronic monitoring device and follow location monitoring procedures specified by your probation officer.  You shall pay all or part of the costs of the program based on the ability to pay as directed by the probation officer.

3) *Global Positioning Satellite (GPS):* The defendant shall participate in the Location Monitoring Program for a term not to exceed _____ days/months, which will include remote location monitoring using _____Active _____Passive Global Positioning Satellite (GPS) tracking.  You shall abide by the rules and regulations of the Participant Agreement Form.  During this time, you will remain at your place of residence except for employment and other activities approved in advance by your probation officer.  You will maintain a telephone at your place of residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period as directed by the probation officer.  At the direction of the probation officer, you shall wear a transmitter and be required to carry a tracking device.  You shall pay all or part of the costs of the program based on the ability to pay as directed by the probation officer.

4) **Community Service:** The defendant shall perform _____ hours of community service work without pay, at a location approved by the probation officer, at a minimum rate of four hours per week, to be completed during the first _____ months of supervision.

5) **Sex Offender Search & Seizure Condition:**  If required to register under the Sex Offender Registration and Notification Act, the defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

Judgment--Page 7

Defendant:  FREDERIC ALAN GLADLE
Case Number:  A-11-CR-708(01)-LY

### CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth.  Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court,  200 W.  8th Street, Room 130 Austin, Texas 78701.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | Assessment | Fine | Restitution |
|--------|-----------|------|-------------|
| TOTAL: | $200      | $0   | $214,258.60 |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $200.   Payment of this sum shall begin immediately.

### Fine

The fine is waived because of the defendant's inability to pay.

### Restitution

The defendant shall pay restitution in the amount of $214,258.60 through the Clerk, U.S. District Court, for distribution to the payee(s).  The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).  **If the defendant is not now able to pay this indebtedness, the defendant shall cooperate fully with the office of the United States Attorney, the Bureau of Prisons and/or the United States Probation Office to make payment in full as soon as possible, including during any period of incarceration.  Any unpaid balance at the commencement of a term of probation or supervised release shall be paid on a schedule of monthly installments to be established by the U.S. Probation office and approved by the Court.**

The Court directs the United States Probation Office to provide personal identifier information of victims by submitting a "reference list" under seal Pursuant to E-Government Act of 2002" to the District Clerk within ten(10) days after the criminal Judgment has been entered.

**Name of Payee**                                                                 **Amount of Restitution**

*Please see Attachment A*

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1)  assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest,  (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

## FREDERIC ALAN GLADLE
## CASE NO. 1-11-CR-708 (01) LY

### Attachment A
### Restitution victims and loss amounts
### (without victim addresses)

| | |
|---|---|
| American Home Mortgaging Servicing, Inc.<br>Attn: Gregory S. Stout<br>Reisenfeld & Associates, LLC<br>RE: 13214 Fiji Way, Unit S.<br>Los Angles, California 90292<br>Bankruptcy: Brandi N. Ritchie,<br>Case No. 09-22644<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$800.00 | American Home Mortgage Servicing, Inc<br>Attn: Berton J. Maley<br>Codilis & Associates, P.C.<br>RE: 1065 Driftwood Circle<br>Banning, California 92220<br>Bankruptcy Kenneth Gray<br>Case No. 09-30649<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$700.00 |
| American Home Mortgage Servicing, Inc<br>Attn: Berton J. Maley<br>Codilis & Associates, P.C.<br>RE: 14533 Painter Ave<br>Norwalk, California 90650<br>Bankruptcy Carmena Starks<br>Case No. 09-30623<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$700.00 | American Home Mortgage Servicing, Inc<br>Attn: Berton J. Maley<br>Codilis & Associates, P.C.<br>RE: 27564 Rosemont Court<br>Moreno Valley, California 92555<br>Bankruptcy Juan C. Rojas<br>Case No. 11-01450<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$500.00 |
| American Mortgage Network, Inc.<br>Attn:: Mark S. Middlemas<br>RE: 5647 Vercelly Court<br>Westlake Village, California 91362<br>Bankruptcy: Laura Gontchar<br>Case No. 11-21877<br>(Criminal Case, TXW-Austin<br>Frederick Gladle | Arch Bay Holdings<br>Attn: Val Stiefel, Sr. Counsel<br>Arch Bay Holdings<br>RE: 521 Vaquero Road<br>Arcadia, California<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708) |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

| Case No. 1:11-CR-708)<br>$5,841.16 | $6,569.22 |
|---|---|
| Astoria Fedl Mtg<br>Attn: Garrett A. Denniston<br>Bishop, Jackson, & Kelly, LLC<br>RE: 33941 Calle La Primavera<br>Dana Point, California<br>Bankruptcy: Kirk Krasinsky<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,477.50 | Bank of New York<br>Attn: Gloria Tsostsos<br>Codillis & Associates, PC<br>RE: 2611 E. South Mountain Ave<br>Phoenix, Arizona<br>Bankruptcy: Juan Rojas<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$17,524.42 |
| Bank of America<br>Attn: Brandi E. Rainey<br>RE: 24642 Corta Cresta Drive<br>Lake Forest, California<br>Bankruptcy: Luis Soto<br>Case No. Unknown<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$800.00 | BMO Harris Bank<br>Attn: Penny G. Gentges<br>Bass & Moglowsky, SC<br>RE: 40 N. Center Street<br>Mesa, Arizona 85021<br>Bankruptcy: Laverne Evans<br>Case No. 11-25838<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$700.00 |
| BMO Harris Bank, NA<br>Attn:: Eric Jackson<br>Jackson White Law Firm<br>RE: 4518 West Southern Avenue<br>Laveen, Arizona<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$14,885.92 | California Equities<br>Attn: Mark S. Middlemas<br>RE: 1702 West Drescher Street<br>San Diego, California 92111<br>Bankruptcy: Jill Kourbelas<br>Case No. 10-34691<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708) |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

| | $790.00 |
|---|---|
| CitiMortgage<br>Attn: Stephanie L. Cooper<br>The Cooper Castle Law Firm<br>RE: 2624 Santa Barbara Court<br>Chula Vista, California<br>Bankruptcy: Lottie Cabala<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$3,815.78 | CitiMortgage<br>Attn: Eddie R. Jimenez<br>RE: 6735 West San Juan Avenue<br>Glendale, Arizona<br>Bankruptcy: Lottie Cabala<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,492.74 |
| CitiMortgage<br>Attn: Kenneth L. Rockwood<br>Shapiro & Cejeda, LLP<br>RE: 5258 Concha Drive<br>Lathrop, California<br>Bankruptcy: Brandi Abou-Rakab<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$700.00 | EMC Mortgage Corp<br>Attn: Berton J. Maley<br>Codilis & Associates, P.C.<br>RE: 1065 Driftwood Circle<br>Banning, California 92220<br>Bankruptcy Kenneth Gray<br>Case No. 09-30649<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$650.00 |
| EMC Mortgage Corporation<br>Attn: Eric H. Lindquist<br>EHL, LLO<br>RE: 10442 Greenford Drive<br>San Diego, California 92126<br>Bankruptcy: Sharvonna L. Bradley,<br>Case No. 09-83166-TJM<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$700.00 | GMAC Mortgage, LLC<br>Attn: Steven Patterson, Esq.<br>Lerner, Sampson & Rothfuss, L.P.A.<br>RE: 4227 South Victoria Avenue<br>Los Angeles, California 90008<br>Bankruptcy: Brandi Ritchie<br>Case No. Unknown<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$700.00 |
| Home Loan Services | ING Bank, FSB |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

| | |
|---|---|
| Attn: Steven Patterson, Esq.<br>Lerner, Sampson & Rothfuss, L.P.A.<br>RE: 268 South Meadow Drive<br>San Diego, California 92114<br>Bankruptcy: Brandi Ritchie<br>Case No. Unknown<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$700.00 | Attn:: Karina Velter<br>RE: 14437 West Yucatan Street<br>Surprise, Arizona<br>Bankruptcy: Sherry Anderson<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$4,474.01 |
| JP Morgan Chase Bank, NA<br>Attn: Steven Patterson, Esq.<br>Lerner, Sampson & Rothfuss, L.P.A.<br>RE: 1047 West 70th Street<br>Los Angeles, California 90044<br>Bankruptcy: April M. McGowan<br>Case No. Unknown<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$700.00 | Kondaur Capital Corporation<br>Attn: Paula Chastain<br>Legal Analyst<br>RE: 14277 Pintail Loop<br>Corona, California 92880<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,800.00 |
| Kondaur Capital Corporation<br>Attn: Paula Chastain<br>Legal Analyst<br>RE: 4420 Wawona Street<br>Los Angeles, California 90065<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708) | National City Mortgage<br>Attn:: Mark S. Middlemas<br>RE: 627 East 6th Street<br>National City, California 91950<br>Bankruptcy: Cindy T. Rowley<br>Case No. 10-32223<br>(Criminal Case, TXW-Austin<br>Frederick Gladle |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

Judgment--Page 12

| | |
|---|---|
| $800.00 | Case No. 1:11-CR-708) $8,261.94 |
| OneWest Bank FSB Attn:: Mark S. Middlemas RE: 1233 Holly Avenue Colton City, California 92324 Bankruptcy: Zachary C. Peterson Case No. 10-32381 (Criminal Case, TXW-Austin Frederick Gladle Case No. 1:11-CR-708) $6,682.19 | OneWest Bank FSB Attn:: Mark S. Middlemas RE: 165 East Sunset Street Long Beach, California 90805 Bankruptcy: Isaiah Lovendahl Case No. 10-33788 (Criminal Case, TXW-Austin Frederick Gladle Case No. 1:11-CR-708) $3,689.85 |
| OneWest Bank FSB Attn::Pranali Datta Stein, Wiener, & Roth, LLP RE: 7976 West Rancho Drive Glendale, Arizona Bankruptcy: Rochelle Taylor (Criminal Case, TXW-Austin Frederick Gladle Case No. 1:11-CR-708) $650.00 | Pacific Coast Mortgage, Inc. Attn: Mark S. Middlemas, Attorney RE: 3146 West McLellan Boulevard Phoenix, Arizona 85017 Bankruptcy: Melvin K. Shoell Case No. 10-301360 (Criminal Case, TXW-Austin Frederick Gladle Case No. 1:11-CR-708) $800.00 |
| PAJ Enterprises Attn: Aaron Zeese Snow, Christensen & Martineau RE: 7426 W. Alvarado Road Phoenix, Arizona RE: 5928 W. Avalon Road Phoenix, Arizona (Criminal Case, TXW-Austin Frederick Gladle Case No. 1:11-CR-708) $3,450.00 | United Financial Mortgage Attn: Eric Lindquist RE: 10442 Greenford Drive San Diego, California Bankruptcy: Sharvonna Bradley Case No. Unknown (Criminal Case, TXW-Austin Frederick Gladle Case No. 1:11-CR-708) $700.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

| | |
|---|---|
| U.S. Bank, NA<br>Attn: Katherine E. Flaherty<br>Lorona Steiner Ducar, Ltd.<br>RE: 9299 W. Olive Avenue, No. 212<br>Peoria, Arizona<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$23,016.80 | U.S. Bank, NA<br>Attn: Katherine E. Flaherty<br>Lorona Steiner Ducar, Ltd.<br>RE: 1921 North Mustang Run<br>Show Low, Arizona<br>Bankruptcy: James Orr<br>Case No. Unknown<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$700.00 |
| U.S. Bank, NA<br>Attn: Benjamin P. Smith, Esq.<br>McCabe, Weisberg & Conway, LLC<br>RE: 29631 Canwood Street<br>Agoura Hills, California<br>Bankruptcy: Katrina Boyd<br>Case No. 11-20361<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,231.00 | U.S. Bank, NA<br>Attn: Steven Patterson, Esq.<br>Lerner, Sampson & Rothfuss, L.P.A.<br>RE: 18114 Pine Avenue<br>Fontana, California 92335<br>Bankruptcy: Shirley L. Avery<br>Case No. Unknown<br>Northern District of Ohio<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$700.00 |
| U.S. Bank, NA<br>Attn: Steven Patterson, Esq.<br>Lerner, Sampson & Rothfuss, L.P.A.<br>RE: 107 West Desert Drive | Wells Fargo Bank, NA<br>Attn: Janine Baker<br>Becker & Cali,<br>Attorneys at Law, LLC |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

| | |
|---|---|
| Phoenix, Arizona 85041<br>Bankruptcy: Christina M. Scott<br>Case No. Unknown<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$800.00 | RE: 2396 Kelly Street<br>Hayward, California<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$20,438.50 |
| Wells Fargo Bank, NA<br>Attn: Philip B. Harris<br>Rutherford Mulhall<br>RE: 5617 Walnut Ridge Drive<br>Agoura Hills, California 91301<br>Bankruptcy: Jesus Lorenzo<br>Case No. Unknown<br>Southern District of Florida<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>Case No. 11-25838<br>$913.39 | Wells Fargo Bank, NA<br>Attn:: Mark S. Middlemas<br>RE: 29703 Canwood Street<br>Agoura Hills, California 91301<br>Bankruptcy: Bruce and Lydia Foster<br>Case No. 10-01518<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$3,985.95 |
| Wells Fargo Bank, NA<br>Attn:: Mark S. Middlemas<br>RE: 2725 West Griswold Road<br>Phoenix, Arizona 85051<br>Bankruptcy: Laura Gontchar<br>Case No. 11-21877<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,499.88 | Wells Fargo Bank, NA<br>Attn:: Mark S. Middlemas<br>RE:7672 Happy Valley Road<br>Anderson, California 96077<br>Bankruptcy: James Kennedy<br>Case No. 11-14350<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$3,074.46 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

|  |  |
|---|---|
|  |  |
| World Savings Bank<br>Attn: Kiyam J. Poulson<br>Druckman Law Group, PLLC<br>RE: 4456 West 6th Street<br>Inglewood, California<br>Bankruptcy: John Chamberlain<br>Case No. Unknown<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$700.00 | World Savings Bank<br>Attn: Mark S. Middlemas, Attorney<br>RE: 6209 Seville Court<br>Long Beach, California 90803<br>Bankruptcy: Cindy T. Rowley<br>Case No. 10-32223<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$700.00 |
|  | Zions First National Bank<br>Attn: Steven Guttman<br>Kessler Umebayashi<br>Bain & Matsunaga<br>RE: 9299 West Olive Ave, Unit 404<br>Peoria, Arizona 85345<br>Bankruptcy: Jocelyn Etrata Botelho<br>Case No. 09-00739<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$1,943.89 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

The following list of victims includes 25 lenders who were included in the initial Presentence Report who provided loss amounts. However, while these lenders reported loss amounts to the investigating agent, they did not itemize their loss amounts thereby providing exact expenses in legal fees. In the best interest of the victims, as well as the defendant, each loss amount to the following lenders is based on an average of the restitution amount, $2,300; i.e., the legal expenses which was provided by victim lenders.

| | |
|---|---|
| American Home Mortgaging Servicing, Inc.<br>Attn: Susan Henrick<br>Aronowitz & Meckel, LLP<br>RE: 388 E. Oceanside Boulevard, No. 503<br>Long Beach, California<br>Bankruptcy: Gabriela Convit<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 | American Home Mortgaging Servicing, Inc.<br>Attn: Susan Henrick<br>Aronowitz & Meckel, LLP<br>RE: 10101 Wealtha Avenue<br>Sun Valley, California<br>Bankruptcy: Melissa Barela<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 |
| American Home Mortgaging Servicing, Inc.<br>Attn: Susan Henrick<br>Aronowitz & Meckel, LLP<br>RE: 2381 Wilshire Street<br>Riverside, California<br>Bankruptcy: Miguel Buch<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 | American Home Mortgaging Servicing, Inc.<br>Attn: Susan Henrick<br>Aronowitz & Meckel, LLP<br>RE: 25965 Bancroft<br>Loma Linda, California<br>Bankruptcy: Gabriela Convitt<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 |
| American Mtg Network<br>Attn: Mark S. Middlemas<br>Lundberg & Associates<br>RE: 5647 Vercelly Court | Bridgefield Mtg Corp<br>Attn: Prober & Raphael<br>At Law Corporation<br>RE: 16625 S. Caress Avenue |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

| | |
|---|---|
| West Lake, California<br>Bankruptcy: Laura Gontchar<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 | Compton, California<br>Bankruptcy: Sharvonna Bradley<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 |
| Flagstar Bank<br>Attn: Aaron M. Waite<br>The Cooper Castle Law Firm<br>RE: 342 S. Miraleste Drive, No 288<br>San Pedro, California<br>Bankruptcy: Isaiah Lovendahl<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 | GMAC<br>Attn: Joel K. Jensen<br>Lerner, Sampson & Rothfuss<br>RE: 4227 S. Victoria Avenue<br>Los Angeles, California<br>Bankruptcy: Brandi Ritchie<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 |
| Home Loan Service<br>Attn: Attn: Joel K. Jensen<br>Lerner, Sampson & Rothfuss<br>RE: 268 S. Meadowbrook Drive<br>San Diego, California<br>Bankruptcy: Brandi Ritchie<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 | Lerner, Sampson & Rothfuss<br>Attn: Edward J. Boll<br>(lender unknown)<br>RE: 1045 North Linden Avenue<br>Rialto, California<br>Bankruptcy: Russell Abernathy<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 |
| JP Morgan Chase Bank, NA<br>Attn: Shannon McGinnis<br>Wargo French, LLP<br>RE: 532 Groveside Drive<br>San Jacinto, California 92582<br>Bankruptcy: Gabriela A. Convit<br>Case No. 09-18637<br>(Criminal Case, TXW-Austin<br>Frederick Gladle | JP Morgan Chase Bank, NA<br>Attn: Shannon McGinnis<br>Wargo French, LLP<br>RE: 13158 Palm Place<br>Cerritos, California<br>Bankruptcy: Melissa Lee Barela<br>Case No. 0918648<br>(Criminal Case, TXW-Austin<br>Frederick Gladle |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

| | |
|---|---|
| Case No. 1:11-CR-708)<br>$2,300.00 | Case No. 1:11-CR-708)<br>$2,300.00 |
| JP Morgan Chase Bank, NA<br>Attn: Shannon McGinnis<br>Wargo French, LLP<br>RE: 1147 South Point View Street<br>Los Angeles, California<br>Bankruptcy: Manuel Mayorga Mesa<br>Case No. 10-41226<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 | JP Morgan Chase Bank, NA<br>Attn: Shannon McGinnis<br>Wargo French, LLP<br>RE: 10256 Rouselle Drive<br>Mira Loma, California 91752<br>Bankruptcy: Shane O'Dell<br>Case No. 08-22060<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 |
| JP Morgan Chase Bank, NA<br>Attn: Shannon McGinnis<br>Wargo French, LLP<br>RE: 1233 Discovery Bay Drive<br>Chula Vista, California<br>Bankruptcy: Zachary Carlos Peterson<br>Case No. 10-32381<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 | JP Morgan Chase Bank, NA<br>Attn: Shannon McGinnis<br>Wargo French, LLP<br>RE: 707 Brookstone Road, Unit 101<br>Chula Vista, California<br>Bankruptcy: Mark Keller<br>Case No. 11-23942<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 |
| JP Morgan Chase Bank, NA<br>Attn: Shannon McGinnis<br>Wargo French, LLP<br>RE: 168 Continente Avenue<br>Brentwood, California 94513<br>Bankruptcy: Katrina Boyd<br>Case No. 11-20361<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 | JP Morgan Chase Bank, NA<br>Attn: Shannon McGinnis<br>Wargo French, LLP<br>RE: 3007 Cagle Street<br>National City, California 91950<br>Bankruptcy: David Brown<br>Case No. 09-31720<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

|  |  |
|---|---|
|  |  |
| JP Morgan Chase Bank, NA<br>Attn: Shannon McGinnis<br>Wargo French, LLP<br>RE: 8538 Wilbur Avenue<br>North ridge, California 91324<br>Bankruptcy: Jocelyn Botelho<br>Case No. 09-00739<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 | JP Morgan Chase Bank, NA<br>Attn: Shannon McGinnis<br>Wargo French, LLP<br>RE: 3900 Forecastle Avenue<br>West Covina, California 91792<br>Bankruptcy: James R. Brown<br>Case No. 1100462<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 |
| New Century Insurance<br>Attn: Kirk J. Cejda<br>Shapiro & Cejda, LLP<br>RE: 8890 N. 114th Avenue<br>Peoria, Arizona<br>Bankruptcy: Brandi Abou-Rakab<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 | Option One Mortgage<br>Attn:: D. Anthony Sottile<br>Reisenfeld & Associates, LLC<br>RE: 13214 Fiji Way, Unit S<br>Marina Del Ray, California<br>Bankruptcy: Brandi Ritchie<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 |
| Ocwen<br>Attn: Claudia M. Sklar<br>O'Connell, Flaherty & Attmore, LLC<br>RE: 5917 West Verde Lane<br>Phoenix, Arizona<br>Bankruptcy: Jerome Brown | U.S. Bank, NA<br>Attn: Scott Rosen<br>Cohn Birbaum & Shea, LLC<br>RE: 9299 West Olive Avenue, No. 212<br>Peoria, Arizona<br>Bankruptcy: Louis F. Rizzuto |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

Judgment--Page 20

| | |
|---|---|
| (Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 | (Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 |
| U.S. Bank, NA<br>Attn: Diana C. Theologou<br>McCabe Weisberg & Conway, LLC<br>RE: 29631 Canwood Street<br>Agoura Hills, California<br>Bankruptcy: Katrina Boyd<br>(Criminal Case, TXW-Austin<br>Frederick Gladle<br>Case No. 1:11-CR-708)<br>$2,300.00 | |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1)  assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest,  (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant: FREDERIC ALAN GLADLE
Case Number: A-11-CR-708(01)-LY

## FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

$470 in U.S. currency;
$3,560 in U.S. currency;
Netspend and Visa cards, which end in card Nos. 9548, 5266, 6829, 6248, 4022, and 3755;

8 individual Western Union money orders which totaled $2,911.06, with the "Pay To" line blank (seized from the storage unit at C539, All-Ways Storage, on October 11, 2011);
Visa debit card, Account No. 7965;
Cashpass Mastercard debit card, Account No. 7815;

ACACIA Research Corporation Common Stock, 61 share, CB0032, common stock 110 shares AT0015;
$79,980 in U.S. currency found in 79 individual envelopes in $1,000 increments, and one individual envelope with $980;

In addition to the following items received from Genevieve Gladle (the defendant's daughter) on October 21, 2011:

Nespend Visa debit cards, Bank of America card, and Cashpass Mastercard debit card ending in card Nos. 1194, 2201, 4907, 0464, 3652, 4460, 8544, 6182, 3064, 7691, 5817, 8195, 3484, 3602, 9478, 7300, 2874, 8238, 4380, 6706, 6061, and 4493;

Along with items received from attorney Joe Turner on October 25, 2011:

Nespend Visa debit cards and Bank of America card ending in card Nos. 6456, 3871, 0827, 1889, 6094, 5544, 9790, 2718, 7608, 4526, 8781, 8773, 6535, 8255, 4521, 0750, 4271, 4501, 3481, 9670, 1021, 9217, 0953, 7837, 6344, 1813, 9665, 5792, 0334, 4824, 3379, 7016, 0803, 5687, and 8649.