**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | A-11-CR-708-LY |
| | ) | |
| **FREDERIC ALAN GLADLE,** | ) | |
|     Defendant. | ) | |

### GOVERNMENT'S APPLICATION FOR A TURNOVER ORDER

Now comes Plaintiff, UNITED STATES OF AMERICA, and applies for a turnover order as follows:

1. On October 19, 2011, a federal search warrant was executed on Defendant's home in Lakeway, Texas. The Federal Bureau of Investigation ("FBI") seized one CashPass debit Mastercard in the amount of $686.94.

2. On October 21, 2011, two days after the search warrant was executed on Defendant's home in Lakeway, Texas, Defendant's attorney turned over one Netspend Cash Card in the amount of $714.95.

3. On October 25, 2011, six days after the search warrant was executed on Defendant's home in Lakeway, Texas, Defendant's attorney turned over one Netspend Cash Card in the amount of $2,370.91.

4. Defendant, FREDERIC ALAN GLADLE, had a total of $3,772.80 on cash cards seized by the FBI and taken into its custody. The cards were converted to cash and remain in custody pending a court order.

5. On January 6, 2012, Defendant Gladle pleaded guilty to Counts 1 and 2 of the Information for violating 18 U.S.C. § 157(3) and 18 U.S.C. § 2 (bankruptcy fraud; aiding and

abetting) and one count of violating 18 U.S.C. § 1028A (aggravated identity theft). On May 3, 2012, the Court sentenced Defendant to 61 months imprisonment and to pay $214,258.60 in restitution. (Doc. No. 26).

## Argument and Authorities

The United States moves this Court for an order instructing the FBI to turn over the money it seized from Defendant in the amount of $3,772.80 to apply to Defendant's outstanding restitution. This money is not exempt from execution. *See* 18 U.S.C. 3613(a)(2).

This Court has the power to issue a turnover order pursuant to the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3001, *et seq.* Turnover orders are not among the remedies expressly contained in the Act; however, Section 3003(b) of the FDCPA provides that the Act shall not be construed to limit any state law to collect any criminal imposition. The applicable state statute is Texas Civil Practice and Remedies Code § 31.002. The sentence of restitution created a lien enforceable in the same manner as an Internal Revenue assessment lien. *See* 18 U.S.C. § 3572(d); 18 U.S.C. § 3613(c); 18 U.S.C. § 3664. This lien attached to the funds held in custody by the FBI. Accordingly, a turnover action is appropriate to enforce the United States' lien.

**WHEREFORE**, the United States respectfully requests the Court enter an order directing the FBI to turn over the $3,772.80 in its custody seized from the Defendant to the United States District Clerk for the Western District of Texas for payment on Defendant's restitution debt. The United States further requests an order directing the District Clerk to apply the $3,772.80 to the restitution adjudged against Defendant in this case.

Respectfully submitted,

**ROBERT PITMAN**
UNITED STATES ATTORNEY

By: */s/ Kristy K. Callahan*
**KRISTY K. CALLAHAN**
Assistant United States Attorney
Mississippi Bar No. 101255
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
T: (210) 384-7255
F: (210) 384-7247
Kristy.Callahan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Application for Turnover Order** was electronically filed via the Court's CM/ECF system and served via United States Postal Service on this 30th day of July, 2014, to the following non-CM/ECF participant:

Frederic Alan Gladle
Reg. No. #84797-280
Federal Prison Camp - La Tuna
P.O. Box 8000
Anthony, New Mexico 88021
*Defendant*

/s/ *Kristy K. Callahan*
**KRISTY K. CALLAHAN**
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br> ) | |
| vs. ) | A-11-CR-708-LY |
| ) | |
| FREDERIC ALAN GLADLE, )<br>    Defendant. ) | |

### TURNOVER ORDER

Came on to be considered the Application of the United States of America for a Turnover Order in this case. The Court makes the following findings and concludes that the motion should be GRANTED.

On January 6, 2012, Defendant Frederic Alan Gladle pleaded guilty to Counts 1 and 2 of the Information for violating 18 U.S.C. § 157(3) and 18 U.S.C. § 2 (bankruptcy fraud; aiding and abetting) and one count of violating 18 U.S.C. § 1028A (aggravated identity theft). On May 3, 2012, the Court sentenced Defendant to 61 months imprisonment and to pay $214,258.60 in restitution. (Doc. No. 26). The Federal Bureau of Investigation ("FBI') is holding $3,772.80 seized from Defendant in the underlying criminal case. The Government asserts that the $3,772.80 should be applied towards the restitution order. The Court agrees.

**IT IS THEREFORE ORDERED** that the Federal Bureau of Investigation turn over the $3,772.80 in its possession to the United States District Clerk for the Western District of Texas for application towards Defendant's restitution and special assessment. The check shall be payable to "United States District Clerk" and shall reference "U.S. v. Frederic Alan Gladle, Case No. A-11-CR-708-LY" on the memo line. The check shall be mailed to the United States District Clerk, U. S. Courthouse, 501 W. 5th Street, Ste. 100, Austin, TX 78701.

**IT IS FURTHER ORDERED** that the United States District Clerk shall apply the money to the criminal debt herein and disburse the funds to the victim listed in this case.

Dated: _____

                                           **LEE YEAKEL**
                                           UNITED STATES DISTRICT JUDGE