FILED
February 20, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____DM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA §§§ Plaintiff §§ V. § FREDERIC A. GLADLE § PRO SE § Defendant §§§§ | Case No. 1:11-CR-00708(1) |

# MOTION TO MODIFY RESTITUTION PAYMENTS PURSUANT TO 18 U.S.C. § 3664(k)

**Your Honor,**

I, Frederic Alan Gladle, respectfully submit this motion to request the cancellation or modification of my monthly restitution payments due to severe medical disability and significant financial hardship. I am requesting that the court consider my circumstances under 18 U.S.C. § 3664(k), which allows for the modification of restitution orders upon a material change in a defendant's economic situation. Specifically, I am facing medical conditions that impair my ability to earn income, as well as ongoing financial difficulties.

**1. Medical Condition and Inability to Work**

I am 66 years old and suffer from a brain tumor that causes debilitating migraines. These migraines severely impair my ability to focus, read numbers, or work with a computer for any significant period of time. As a result, I am unable to maintain consistent employment.

Additionally, I underwent back surgery in October 2022, and I now suffer from stenosis in my L3 and L4 vertebrae, which further limits my physical capacity to work (see Exhibit A and B).

**2. Financial Hardship**

My wife, Barbara Gladle, is also disabled and cannot work. She will soon turn 65, and her own medical conditions significantly affect her ability to contribute financially to our household. Given our joint disabilities, we are facing significant financial hardship, struggling to meet our essential living expenses.

We have previously submitted the required Financial Disclosure Statement and supporting documentation to Mr. Paul W. Scott, Financial Litigation Specialist for the United States Attorney's Office, and Mr. Todd R. Keagle, Assistant United States Attorney for the Financial Litigation Unit. These documents demonstrate that we are overwhelmed by debt and cannot continue to meet the restitution payment obligations.

**3. Treasury Offset Program and Social Security Disability**

The Treasury Offset Program (TOP) is currently withdrawing $265.20 from my $1,768 monthly Social Security check (see Exhibit C). This deduction is a significant burden on my already limited income. I have requested that the Treasury Offset Program be canceled, but Mr. Keagle declined this request. I am in the process of applying for Social Security Disability benefits, a process that can take over two years. However, once I qualify for these benefits, I am informed that the TOP will no longer garnish my Social Security payments.

**4. Federal Lien on My Home**

There is a federal lien on my home, which is set to pay off my restitution upon the sale of the property. In 2022, I reached an agreement with my lender to make monthly payments of

approximately $1,000 until December 2032, which is more than fifty percent of my monthly social security. I have owned my home for 25 years, and given the current rental market, I could not rent a comparable home for this amount. I anticipate that the proceeds from the sale of my home in 2032 will be sufficient to pay off my restitution.

**5. Request for Modification or Cancellation of Restitution Payments**

Under 18 U.S.C. § 3664(k), I respectfully request that the court modify or suspend my restitution payments due to my changed financial circumstances, which include the serious medical conditions that impair my ability to work. The statute allows for the modification of a restitution order when a defendant's economic condition materially changes, such as in cases of disability or financial hardship.

Further, courts have recognized that a defendant's inability to work due to medical conditions may justify suspending or modifying restitution payments. In *United States v. Jenkins*, 301 F.3d 235 (5th Cir. 2002), the court held that a defendant's financial hardship could justify changes to a restitution schedule. Similarly, in *United States v. Typhoon*, 313 F.3d 808 (8th Cir. 2002), the court modified a restitution order due to severe medical conditions that hindered the defendant's ability to pay.

In addition, the *United States v. Candelaria*, 208 F.3d 331 (5th Cir. 2000), emphasized that Social Security income, especially when the defendant is disabled, should be considered in determining the ability to pay restitution. Given my current reliance on Social Security benefits and my pending application for Social Security Disability, I respectfully request that the court reconsider the Treasury Offset Program deductions from my benefits.

**Conclusion**

In light of my medical conditions, financial hardship, and the future sale of my home to satisfy the restitution, I respectfully request that the court grant my motion to modify or suspend the monthly restitution payments. I ask for a fair consideration of my circumstances, in line with 18 U.S.C. § 3664(k), and in accordance with the precedents set in cases like *United States v. Jenkins, United States v. Typhoon, and United States v. Candelaria.*

Thank you for your time, understanding, and consideration of my request.

Respectfully submitted,

Date: February 20, 2025

*[signature]*
Frederic Alan Gladle
512 Ladin Lane
Lakeway, TX 78734
Phone: (512)774-7925
Email: fgladle@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2025, a true and correct copy of the foregoing Motion to Modify Restitution Payments was uploaded via the Electronic Submission For Pro Se Filers Drop Box system with the District Court. Court staff will upload the Motion to Modify Restitution Payments into CM/ECF, appearing to all parties and Counsel of record.

*Frederic C. Gladle*

Frederic A. Gladle, Pro Se
512 Ladin Lane
Lakeway, TX 78734
Phone: (512) 774-7925
Email: fgladle@gmail.com